UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re                                         :
MARK IV INDUSTRIES, INC., et al.,             :    Appeal from Bankr. Case:
                                              :    09-12795 (SMB)
         Reorganized Debtors.                 :    Jointly Administered
_____/               :
                                              :
GERTRUDE C.F. HAMILTON,                       :
                                              :
         Appellant,                           :
                                              :    1:12-cv-03210-(GBD)
    vs.                                       :
                                              :
MARK IV INDUSTRIES, INC.,                     :    ECF Case
                                              :
         Appellee.                            :
_____/               :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**RESPONSE OF APPELLEE MARK IV INDUSTRIES, INC. IN
OPPOSITION TO APPELLANT GERTRUDE HAMILTON'S
<u>MOTION FOR ASSIGNMENT OF PRO BONO ATTORNEY</u>**

Appellee Mark IV Industries, Inc. ("<u>Mark IV</u>") hereby submits this response in opposition (the "<u>Opposition</u>") to Appellant Gertrude C.F. Hamilton's Motion for Assignment of Pro Bono Attorney dated November 15, 2012 (the "<u>Motion</u>"). In support of the Opposition, Mark IV respectfully states as follows:

1. By the instant Motion, Ms. Hamilton requests the appointment of pro bono counsel to assist in "finalizing Hamilton's claims" in the above-captioned chapter 11 cases of Mark IV and its affiliated debtors. (Motion 4.)

2. The Motion should be denied. First, Ms. Hamilton has not satisfied the prerequisites for appointment of pro bono counsel. The Court's procedures for pro se cases

instruct that, "[t]o apply for a pro bono attorney, [a pro se litigant] must . . . file an application with a supporting request to proceed in forma pauperis in a case already pending in the Court" and include in such application a description of "what efforts, if any, [the pro se litigant] ha[s] made to find a lawyer." See How to Find an Attorney?, U.S. District Court for the Southern District of New York, http://www.nysd.uscourts.gov/courtrules_prose.php?prose=attorney (last visited Dec. 2, 2012). To the extent of Mark IV's knowledge, Ms. Hamilton has not submitted a request to proceed in forma pauperis in this appeal, nor has she described what efforts, if any, she has made to locate an attorney.

    3. Second, even if Ms. Hamilton had satisfied the prerequisites for appointment of pro bono counsel, this Court should nonetheless exercise its discretion to deny her request. The premise of the Motion is that Ms. Hamilton requires assistance in "finalizing" her claims (Motion 4), but there are no claims to finalize. On June 10, 2010, the Bankruptcy Court entered an order disallowing Ms. Hamilton's proofs of claim. See Order Granting the Reorganized Debtors' Seventeenth Omnibus Objection to the Allowance of Claims, In re Mark IV Indus., Inc., Case No. 09-12795 (SMB) (Bankr. S.D.N.Y. June 10, 2010). On September 19, 2012, this Court entered an order affirming the Bankruptcy Court's order disallowing Ms. Hamilton's claims. See Memorandum Decision and Order, In re Mark IV Indus., Inc., Case No. 11 Civ. 6758 (GBD) (S.D.N.Y. Sept. 18, 2012). In addition, on August 8, 2011, Judge Berman issued an order dismissing an earlier appeal taken by Ms. Hamilton, which raised similar arguments concerning the Bankruptcy Court's adjudication of her claims. See Order, In re Mark IV Indus., Inc., Case No. 11 Civ. 2916 (RMB) (S.D.N.Y. Aug 5, 2011). In these circumstances, the appointment of pro bono counsel is unwarranted. It is worth noting, however, that Ms. Hamilton was represented by counsel in her unsuccessful lawsuit against Mark IV in the United

States District Court for the District of South Carolina—the litigation from which her bankruptcy proofs of claim ultimately derive.

        4.      Ms. Hamilton's suggestion that Mark IV was untimely in filing its counter-designation of record in this appeal (see Motion 2-3) has no bearing on her entitlement to court-appointed counsel and, in any case, is incorrect. Mark IV's counter-designation of record was due on April 16, 2012, the day it was filed. See Fed. R. Bankr. P. 8006, 9006(f).

WHEREFORE, Mark IV respectfully requests that the Court enter an order denying the Motion and granting such other and further relief as may be just and proper.

Dated:  December 3, 2012                             Skadden, Arps, Slate, Meagher & Flom LLP

                                         By:   */s/ J. Eric Ivester*
                                                   Jay M. Goffman
                                                   J. Eric Ivester
                                                   Four Times Square
                                                 New York, New York 10036
                                                 (212) 735-3000
                                                 Jay.Goffman@skadden.com
                                                 Eric.Ivester@skadden.com

                                                 *Counsel for Mark IV Industries, Inc.*

## CERTIFICATE OF SERVICE

  I, J. Eric Ivester, hereby certify that I caused to be served on the third day of December, 2012 a true and correct copy of the **Response of Appellee Mark IV Industries, Inc. in Opposition To Appellant Gertrude Hamilton's Motion for Assignment of Pro Bono Attorney**  upon the party listed below via U.S. first class mail.

Gertrude C.F. Hamilton
99 Elmwood Street
Walterboro, SC 29488


Dated: New York, New York
    December 3, 2012

            SKADDEN, ARPS, SLATE, MEAGHER
             & FLOM LLP

            By:  */s/ J. Eric Ivester*

              J. Eric Ivester
              Jay M. Goffman
              Four Times Square
              New York, New York 10036
              (212) 735-3000